**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4558**

─────────

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

          v.

TERRY LEON BLANKENSHIP,

                 Defendant – Appellant.

─────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Bluefield.  Thomas E. Johnston,
District Judge.  (1:08-cr-00073-1)

─────────

Submitted:  March 29, 2010          Decided:  April 15, 2010

─────────

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West
Virginia, for Appellant.  Charles T. Miller, United States
Attorney, Karen B. Schommer, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Leon Blankenship pled guilty pursuant to a plea agreement to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2) (2006). At the conclusion of Blankenship's plea hearing, the district court found that Blankenship was competent to plead guilty, that his plea was freely and voluntarily made, that Blankenship understood the consequences of his guilty plea, and that a factual basis existed for Blankenship's plea. See Fed. R. Crim. P. 11. Subsequently, the district court sentenced Blankenship to 100 months' imprisonment, which fell within Blankenship's advisory guidelines range. Blankenship timely noted his appeal.

On appeal, Blankenship contends that his guilty plea was not supported by a factual basis and that the district court erred in accepting his plea because he denied being guilty of the offense. Blankenship failed to challenge the validity of his guilty plea in the district court. Accordingly, his claims on appeal are reviewed for plain error. United States v. Vonn, 535 U.S. 55, 61-62 (2002); United States v. General, 278 F.3d 389, 394 (4th Cir. 2002). To establish plain error, Blankenship must demonstrate that: (1) there was error; (2) the error was "plain;" and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). If the three elements of this standard are met, this court may exercise its

2

discretion to notice the error only if "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations omitted). Blankenship fails to demonstrate any error by the district court in accepting his guilty plea.

First, Blankenship's plea was supported by a stipulated factual basis signed by Blankenship, which established the elements of the offense of conviction. Blankenship's stipulation was sufficient, in itself, to establish a factual basis for his plea. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). Moreover, during Blankenship's Rule 11 hearing, the Government restated the stipulation, and in response to the district court's questions, Blankenship admitted that he had read the stipulation, that he had signed the stipulation, and that he agreed with the facts in the stipulation. Accordingly, Blankenship's plea was supported by a sufficient basis in fact.

Also, the district court did not err in accepting Blankenship's plea because, despite Blankenship's isolated denial at the conclusion of his Rule 11 hearing, Blankenship knowingly and voluntarily pled guilty to Count Three. At the conclusion of his Rule 11 hearing, Blankenship did state, "[n]o, I didn't actually do the crimes." However, after consulting with counsel, Blankenship reversed himself stating, "I take that

3

back, Your Honor.  Yes, I did." When the district court asked him why he initially denied responsibility, Blankenship stated, "I'm not really sure, Your Honor, but I did put the images on the computer, yes."

The remainder of the Rule 11 transcript supports Blankenship's knowing and voluntary admission.  Blankenship testified during his Rule 11 hearing that he had reviewed his plea agreement with his attorney, that he had sufficient time to discuss his case with his attorney, and that his attorney had answered all of his questions.  The district court explained to Blankenship the elements of the offense to which he was pleading guilty, and the maximum penalties he faced by pleading guilty.  The district court then reviewed with Blankenship his various trial rights that he was waiving by pleading guilty, and Blankenship acknowledged that he understood his rights.  The district court then asked Blankenship, "[a]s to Count Three, sir, how do you plead: guilty or not guilty?"  To which, Blankenship responded "guilty."  Blankenship's plea was, admittedly, voluntary and not the result of threats, coercion or promises not contained in his plea agreement.  Blankenship's isolated denial simply fails to establish any error by the district court in accepting his guilty plea.

4

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>